UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO R. LOPEZ,<br><br>                    Plaintiff,<br><br>  v.<br><br>U.S. PROBATION DEPARTMENT and IMELDA VALENZUELA,<br><br>                    Defendants. | Case No. 19-cv-1077-BAS-MSB<br><br>**ORDER**<br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**<br>**(2) DISMISSING CASE WITHOUT PREJUDICE;**<br>**(3) DENYING MOTION FOR APPOINTMENT OF COUNSEL.**<br><br>**[ECF Nos. 6, 7]** |

      Plaintiff Armando R. Lopez filed a complaint against the United States Probation Department and Imelda Valenzuela. (ECF No. 1.) Plaintiff also filed a motion for leave to proceed in forma pauperis and a motion for appointment of counsel. (ECF Nos. 2, 3.) The Court denied without prejudice the two motions and dismissed Plaintiff's complaint for failure to comply with Federal Rule of Civil Procedure 8. (ECF No. 4.) Plaintiff has filed an amended complaint along with renewed motions. (ECF Nos. 5, 6, 7.)

**I.    MOTION TO PROCEED IN FORMA PAUPERIS**

      Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay

the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff states he receives a total of $1,540 per month in worker's compensation and $400 per month from his spouse in gifts and child support. (ECF No. 6.) He is unemployed. His expenses total $1,129 per month. Plaintiff has no assets and no money in his bank accounts. Plaintiff says the state is funding his living conditions and he is "barely managing to stay off the street." (*Id.* at 5.) Therefore Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915 and the Court **GRANTS** Plaintiff leave to proceed in forma pauperis. However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. This includes any recovery Plaintiff may realize from this suit or others and any assistance Plaintiff

may receive from family or the government.

**II.     SCREENING**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Plaintiff's complaint lists the "U.S. Probation Office in the Southern District

of San Diego" as Defendant, but other than that is completely blank with the words "see attached file" written on the first page. (ECF No. 6.) Plaintiff attached seven pages of exhibits. (ECF No. 5-2.) Two of the pages include allegations and claims. (*Id.* at 1, 2.) The attachments indicate Plaintiff also intends to bring his complaint against Imelda Valenzuela, but it is unclear if he also includes allegations against the U.S. Probation Department. Plaintiff states he regularly checked into the probation department in this district. Imelda was his "acting agent" (i.e. probation officer) and Plaintiff told her he was "not in an environment safe for [him]self" and wished to be relocated. Although it is not altogether clear, it appears something happened between Plaintiff and his co-defendant Raphael Ceja, and Ceja "wanted to retaliate [against Plaintiff] for [Ceja's] incarceration." Therefore Plaintiff felt unsafe. But Imelda did not transfer Plaintiff because he had not completed a cognitive recovery program. Due to this, Plaintiff states he is now in "a violent defensive mode" and his "mind no longer functions correctly" but has not received any help. He also states he was denied adequate legal representation and was coerced to pleading guilty in the criminal case. He provides a list of what appears to be causes of action and allegations against Imelda. (*Id.* at 2.) In sum, Plaintiff requests the Court "vacate/expunge the latest order of probation[,]" reimburse him for "incarceration time/life in san diego [sic] since 2014–present[,]" grant him leave to proceed in forma pauperis, and provide him with legal representation. Plaintiff's case is for "deprivation of rights" pursuant to 42 U.S.C. § 1983, malicious prosecution, abuse of process, and inadequate legal representation. (ECF No. 5-1.)[1]

---

[1] Plaintiff also checked the box on his civil cover sheet for the False Claims Act ("FCA"). The False Claims Act imposes liability for defrauding the Government by making false or fraudulent claims for money or property. The Act is "intended to reach all types of fraud, without qualification, that might result in financial loss to the Government." *U.S. v. Neifert-White Co.*, 390 U.S. 228, 232 (1968). Although Plaintiff appears to be alleging that Imelda submitted false reports in his case, there is no indication that such reports would lead to any type of financial loss to the Government. Therefore the Court dismisses Plaintiff's FCA allegation. This case was previously sealed because Plaintiff had checked the box indicating this was an FCA case. Because the case does not involve the FCA, the Court unseals this case.

– 4 –

The Court proceeds through what appears to be Plaintiff's causes of action.

**Challenge to Probation.** The proper avenue for a defendant to challenge the validity of his probation is through 28 U.S.C. § 2255. *United States v. Castro-Verdugo*, 750 F.3d 1065, 1068 (9th Cir. 2014); *see also Andrews v. Superior Court of Cal.*, No. 03-5750 MMC, 2004 WL 114972, at *3 (N.D. Cal. Jan. 20, 2004) (holding a plaintiff seeking an order to terminate his probation must bring a petition for a writ of habeas corpus). The present case is not a petition for writ of habeas corpus and therefore Plaintiff may not challenge the terms or sentence of his probation here.

**42 U.S.C. § 1983.** Under this claim, it appears Plaintiff alleges Imelda filed a false probation report which led to Plaintiff being put in custody, and therefore Plaintiff alleges a violation of his due process rights. (ECF No. 5-2, at 2.) Plaintiff states Imelda works for the federal U.S. Probation Department.

42 U.S.C. § 1983 provides a private right of action against a person who: (1) acts "under color of state law"; and (2) "deprives another of rights guaranteed under the Constitution" or federal statute. *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002). Section 1983 "provides no cause of action against federal agents acting under color of federal law." *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995). And the U.S. Probation Department, a federal agency, is not able to be sued under section 1983. *Gerritsen v. Consulado General De Mexico*, 989 F.2d 340, 343 (9th Cir. 1993). Therefore Plaintiff has not alleged either Defendant acted under color of <u>state</u> law and the Court dismisses the section 1983 claim.

**Inadequate Legal Representation.** As Imelda was not Plaintiff's attorney, he cannot bring a claim against her for inadequately representing him in legal proceedings. The Court dismisses this claim.

**Abuse of Process and Malicious Prosecution.** Plaintiff alleges Imelda was his "acting agent" starting in 2013, and he alleges he informed her from 2014 to 2017 that he did not feel safe. He alleges she submitted false statements and lied to the

– 5 –

court regarding Plaintiff's probation. It is unclear if these alleged false statements led to Plaintiff's incarceration or to probation, or if it resulted in probation being revoked. "[W]here it is alleged that a probation officer has wrongfully requested that a court revoke probation, the relevant constitutional violation is malicious prosecution." *Hernandez v. City of Oakley*, No. C-11-02415 JCS, 2012 WL 5411781, at *18 (N.D. Cal. Nov. 6, 2012). And to state a claim for abuse of process, the plaintiff must allege two elements: "(1) an ulterior motive; and (2) a willful act in the use of process not proper in the regular conduct of the proceedings." *Drum v. Bleau, Fox & Assocs.*, 107 Cal. App. 4th 1009, 132 (Ct. App. 2003). Plaintiff may be able to sufficiently state a claim for these two causes of action if he is able to allege what Imelda did and what occurred as a result. *See Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

However, "[t]he California statute of limitations for both malicious prosecution and abuse of process is one year." *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 682 (9th Cir. 1980). Plaintiff alleges Imelda filed false reports beginning in 2013 and was his probation officer until 2017. (ECF No. 5-2, at 1.) The present lawsuit was not filed until 2019, therefore it appears Plaintiff's claims are barred by the statute of limitations. However, Plaintiff's allegations are not a model of clarity and the Court is hesitant to bar the claims at this time given the unclear allegations. The Court will grant Plaintiff leave to amend these claims to the extent Plaintiff can allege claims that are not barred by the statute of limitations.

Plaintiff may refile an amended complaint detailing the specific causes of action he alleges against Defendants. If Plaintiff intends to sue both Imelda and the U.S. Probation Department, he is to state which claims are against which Defendant. He is to provide factual allegations for each cause of action. Plaintiff is to ensure his amended complaint is complete and does not refer to prior complaints. *See Forsyth*

*v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) ("[A] plaintiff waives all claims alleged in the dismissed complaint which are not realleged in an amended complaint."), *aff'd,* 525 U.S. 299 (1999).

### III. MOTION FOR APPOINTMENT OF COUNSEL

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Tr. Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1) to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *accord Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

For the same reasons as articulated in the Court's prior order, the Court again finds the circumstances fail to demonstrate "exceptional circumstances" warranting the appointment of counsel at this time. (*See* ECF No. 4, at 5.) The Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion.

### IV. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** Plaintiff's Motion for Leave to Proceed in Forma Pauperis, (ECF No 6);

(2) **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Appointment

of Counsel, (ECF No 7);

(3) **DISMISSES** Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915(a); and

(4) **GRANTS** Plaintiff leave to file a second amended complaint **on or before September 20, 2019.** *If Plaintiff fails to file an amended complaint by this date, his case may be dismissed for failure to prosecute.*

(5) **DIRECTS** the Clerk to unseal this entire matter.

**IT IS SO ORDERED.**

DATED: August 21, 2019

Hon. Cynthia Bashant
United States District Judge